**NITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN THE MATTER OF AN ARBITRATION BETWEEN:<br><br>SUPERIOR ENERGY SERVICES COLOMBIA S.A.S,<br>SUPERIOR ENERGY SERVICES, INC.,<br><br>     Petitioners,<br><br> -and-<br><br>PREMIUM PETROLEUM SERVICES S. de R.L. (f/k/a PREMIUM PETROLEUM SERVICES CORP.), VICTOR AUGUSTO PALACIO GAITÁN and MARÍA EUGENIA HERNÁNDEZ ROJAS<br><br>    Respondents. | Civil Action No.:   1:18-cv-07704 |

## PETITION TO CONFIRM ARBITRAL AWARD AND TO ENTER JUDGMENT IN FAVOR OF PETITIONERS

Pursuant to the Convention on Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention") and its implementing legislation, 9 U.S.C. §§ 201 et seq., Petitioners Superior Energy Services Colombia S.A.S. ("Superior Colombia") and Superior Energy Services, Inc. ("Superior") respectfully petition the Court for an Order confirming the final arbitral award (the "Final Award") entered in *Premium Petroleum Services Corp. v. Superior Energy Services Colombia, S.A.S. & Superior Energy Services, Inc. v. Victor Augusto Palacio Gaitán & María Eugenia Hernández Rojas*, 21574/RD/MK, conducted pursuant to the Arbitration Rules of the International Chamber of Commerce (the "ICC Rules"). In the Final Award, the Arbitral Tribunal determined that Respondents Premium Petroleum Services S. de R.L. (f/k/a Premium Petroleum Services Corp.), Mr. Victor Augusto Palacio Gaitán, and Ms.

María Eugenia Hernández Rojas are jointly and severally liable to pay Superior Colombia $5,828,520.31 plus interest at the rate of nine percent (9%) per annum to run from July 19, 2018. Final Award ¶ 592.[1]

## PARTIES, JURISDICTION AND VENUE

1. Petitioner Superior is a corporation organized under the laws of the State of Delaware and listed on the New York Stock Exchange.

2. Petitioner Superior Colombia is a simplified stock company organized under the laws of the Republic of Colombia and wholly owned subsidiary of Superior.

3. Respondent Premium Petroleum Services S. de R.L. ("Premium") is a limited liability company organized under the laws of the Republic of Panama.[2]

4. Respondents Victor Augusto Palacio Gaitán ("Mr. Palacio") and María Eugenia Hernández Rojas ("Ms. Hernández") are Colombian citizens and residents of Miami, Florida.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this petition pursuant to 9 U.S.C. §§ 203 and 207.

6. Venue is proper in this judicial district pursuant to 9 U.S.C. § 204.

## BACKGROUND

7. Superior Colombia purchased Ingeniería y Tecnología de Servicios S.A.S. ("ITS") from Premium by way of a Stock Purchase Agreement dated March 1, 2013 (the "SPA") for approximately $28 million. Mr. Palacio and Ms. Hernández signed the SPA and jointly and severally made covenants and agreements not to compete with ITS. Award ¶¶ 424-468, 531.

---

[1] A copy of the Final Award is attached as Exhibit A to the Declaration of Mr. Blaine Edwards, which is submitted with this Petition (the "Edwards Declaration"). The Background is drawn from factual findings made by the Tribunal in the Final Award.

[2] On or about October 18, 2017, Premium converted from a corporation to a limited liability company. A copy of the publicly available notarized deed is attached as Exhibit D to the Edwards Declaration. An English translation is being prepared and will be filed shortly.

8.      Mr. Palacio also entered into an employment agreement dated March 1, 2013 (the "Employment Agreement") with ITS, under which he agreed not to compete with ITS and to maintain confidentiality of ITS's intellectual property and customer lists.  Final Award ¶¶ 490-492, 494.  Mr. Palacio later entered into a consulting agreement with similar undertakings.  Final Award ¶ 493.

9.      One business day after closing the SPA, Mr. Palacio and Ms. Hernández became controlling owners of a competing business, Petrodynamic Petroleum Services S.A.S. ("Petrodynamic"), and began siphoning business and clients from ITS in violation of the SPA and Employment Agreement.  Final Award ¶ 438.

10.     After the sale of ITS to Superior Colombia, Mr. Palacio retained control of ITS's purchasing department – and chose to increase purchases made from a new supplier, the Palacio-owned Petrodynamic.  Mr. Palacio and Ms. Hernández stood on both sides of transactions between ITS and Petrodynamic, personally negotiating and signing contracts between ITS and Petrodynamic on behalf of both companies.  Final Award ¶¶ 435-452, 455-463.

11.     Under the SPA, Mr. Palacio agreed not to participate in any business activity between Petrodynamic and ITS.  Mr. Palacio and Ms. Hernández both represented that all commercial dealings between the two companies would be at arm's length.  Final Award ¶¶ 424-428.  Furthermore, the SPA created a presumption that, if Mr. Palacio and/or Ms. Hernández participated in the Colombian oil and gas business at any time for two years after closing, the SPA was breached and the value of ITS's goodwill and other assets was undermined.  Final Award ¶¶ 453-455, 460.

3

12.     In case of such breaches, the SPA provided for an automatic downward adjustment of 20 percent (20%) of the purchase price paid by Superior Colombia, i.e., $5,600,000.  Final Award ¶¶ 95, 529.

13.     In February 2015, in light of Respondents' breaches of the SPA as well as Mr. Palacio's breaches of his Employment Agreement and other obligations, Superior Colombia held back the final earn-out payment to Respondents, as permitted by the express terms of the SPA. Final Award ¶¶ 305-307.

## INITIATION OF ARBITRATION AND FINAL AWARD

14.     In January 2016, Premium filed a Request for Arbitration with the International Chamber of Commerce pursuant to the arbitration clause in the SPA to recover the amount Superior Colombia had held back.  Final Award ¶¶ 17, 112.  The arbitration clause provides:

> "The parties agree that any dispute, controversy or claim arising out of relating to or in connection with this Agreement, including, without limitation, any dispute regarding its validity or termination, or the performance or breach thereof, shall be finally settled by international arbitration administered by the International Chamber of Commerce in accordance with the International Chamber of Commerce's rules of arbitration in effect at the time of the arbitration, except as they may be modified herein or by agreement of the parties. The place of arbitration shall be New York and the proceedings shall be conducted in English language. The arbitral tribunal shall be composed of three arbitrators. … The award rendered by the arbitrators shall be final and binding on the parties (to the extent they may validly so agree, the parties hereby exclude any right of appeal to any court of the arbitration or concerning the arbitral award)…"  Final Award ¶ 10.

15.     In response to Premium's Request for Arbitration, Petitioners filed counterclaims under the ICC Rules and a request for joinder of Mr. Palacio and Ms. Hernández.  Final Award ¶ 18.

16.     Thereafter, Petitioners and Respondents exchanged documents and submitted extensive briefs, witness statements and expert reports on the merits of Respondents' claims and Petitioners' counterclaims.  Final Award ¶¶ 58-68.

4

17.     From November 13-17, 2018, the Arbitral Tribunal held a final hearing in New York, during which both sides presented their evidence and cross-examined the other side's witnesses.  Final Award ¶¶ 69-74.

18.     On January 8, 2018, the parties submitted revised transcripts of the hearing and their respective submissions on costs.  Final Award ¶¶ 79-82.

19.     On July 19, 2018, the Arbitral Tribunal issued the Final Award.  The Arbitral Tribunal "found, based on abundant evidence, that [Respondents] have breached the SPA." Final Award ¶ 307.  The Arbitral Tribunal rejected Respondents' claims and granted Petitioners' counterclaims, ordering Respondents to pay to Petitioners a total of $5,828,520.31, plus interest of nine percent (9%) per annum running from July 19, 2018.  Final Award ¶ 545.

20.     In particular, the Arbitral Tribunal held that:

(A) "[T]here is clear and conclusive evidence pointing to Mr. Palacio's direct involvement in the Petrodynamic Services and in dealings between ITS and Petrodynamic.  Hence, the Tribunal concludes that Claimant and Mr. Palacio breached Section 6(a) of the SPA by Mr. Palacio's participation in the Petrodynamic Services and in dealings and contracts between ITS and Petrodynamic."  Final Award ¶ 452;

(B) "[Premium] at first failed to disclose the very existence of Petrodynamic and affirmatively misrepresented that there were no affiliated companies to [Petitioners]."  Final Award ¶ 480;

(C) "Mr. Palacio directly competed with ITS in the oil and gas industry when Petrodynamic presented a bid for Pacific Rubiales' reamer shoes contracts in direct competition with ITS… in violation of the standards of good faith and

loyalty that the SPA required from [Respondents], not to engage in unfair competition and unfair trade practice during the Non-Compete Period."  Final Award ¶ 488;

(D) "Mr. Palacio also breached the non-compete and confidentiality (no use or disclosure) provisions of the Employment and Services Agreements, specifically when engaging in dealings for Petrodynamic during the term of the Services Agreement, and for allowing Petrodynamic — in Mr. Palacio's capacity as an indirect owner — to benefit from knowledge obtained through his position at ITS."  Final Award ¶ 494;

21.    The Arbitral Tribunal awarded Superior and Superior Colombia the following damages:

(A) "The Tribunal orders post-award interest on the costs of arbitration awarded according to a simple (not compounded) interest rate of 9% to be calculated, on an annual basis, from the date of issuance of the Final Award until full and effective payment."  Final Award ¶ 591; and

(B) "Tribunal grants [Petitioners] an award on costs for US$ 1,093,854.98 which results from awarding (i) US$ 900,000 for legal fees incurred by [Petitioners], and (ii) US$ 193,854.98 for other costs borne by [Petitioners] during the arbitration. [Petitioners] shall also be entitled to be reimbursed the amount US$ 227,500.00 for payments made to the ICC to cover the ICC's costs and expenses."  Final Award ¶ 590.

See also Final Award ¶ 592.

## POST CONFIRMATION DISCOVERY

22.     In confirming the award, the Court may also order discovery of judgment debtor Respondents' assets, pursuant to Federal Rule of Civil Procedure 69(a)(2).  Rule 69(a) incorporates by reference N.Y. C.P.L.R. § 5223, which provides that "a judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment."  N.Y. C.P.L.R. 5201 et seq. lays out several methods for completing an ordered discovery of a debtor's assets.

23.     Petitioners have submitted with this motion the Declaration of Mr. Blaine Edwards, Assistant General Counsel and Vice President of Petitioner Superior, with the following exhibits:

(A) Final Award (Exhibit A);

(B) Appointment of Arbitral Tribunal (Exhibit B);

(C) Extensions of time for making the Final Award (Exhibit C); and

(D) A copy of the publicly available notarized deed of Premium converting it from a corporation to a limited liability company (Exhibit D).

## PRAYER FOR RELIEF

WHEREFORE, Petitioners pray that:

(A) The Court enter an Order pursuant to 9 U.S.C. § 207 confirming the Final Award against Respondents;

(B) On the basis of the confirmed Final Award, the Court enter judgment that Respondents are jointly and severally liable to Petitioners in the amount of $5,828,520.31, plus interest at the rate of nine percent (9%) per annum from July 19, 2018;

(C) That the Court enter an Order requiring Respondents to disclose their assets to satisfy the judgment; and

(D) That the Court enter an Order requiring Respondents to pay to Petitioners the

costs of these confirmation proceedings; and

(E) Such other relief as the Court deems just and proper.

Dated: New York, New York
        August 23, 2018

Respectfully submitted,

BAKER & HOSTETLER LLP

/s/ Mark A. Cymrot
Mark A. Cymrot, Esq.
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
Phone: (202) 861-1677
mcymrot@bakerlaw.com

Seth Engel, Esq.
45 Rockefeller Plaza
New York, N.Y. 10111
Phone: (212) 589-4200
Fax: (212) 589-4201
sengel@bakerlaw.com

Of Counsel:

Sashe D. Dimitroff, Esq.
BAKER & HOSTETLER LLP
811 Main Street
Suite 1100
Houston, TX 77002-6111
Phone: (713) 646-1320
sdimitroff@bakerlaw.com